## RUNDEL v. LIFE ASS'N OF AMERICA.*

*(Circuit Court, E. D. Louisiana. February 23, 1882.)*

1. CORPORATIONS—LIQUIDATION.

Creditors of a corporation, who are at the same time members of it, as such members have assented to the laws of the state of its creation, which control the settlement of its affairs, upon its being dissolved; *i. e.*, they have assented that the officers by whom, and the place and manner, shall be such as the laws of that state provide. The effect of this contract and assent makes the territorial extent of the authority of the person charged with the liquidation co-extensive with the authority of an assignee in bankruptcy, or a receiver of a national bank, springing from the territorial effect of a national law.

*G. L. Hall, A. Goldthwaite,* and *W. S. Relf,* for Superintendent of Insurance.

*Gus. A. Breaux, Harry H. Hall,* and *Herman B. Magruder,* for Louisiana creditors.

BILLINGS, D. J. The defendant was a mutual life insurance corporation, created and domiciled in the state of Missouri, but having agencies and transacting large business under its charter in this state and other states. It has a large fund in this state now in the hands of the receiver in this cause. The defendant Williams is a statutory officer of the state of Missouri, who, according to the charter of the corporation, upon its dissolution had vested in him all its property, and is charged with the duty of winding up its affairs. *Relfe* v. *Rundle,* 103 U. S. 222. The operation of this statute of Missouri, under the ruling of the supreme court, is that each policy-holder—no matter where he resides—signing the constitution of the corporation, thereby assents to all of the provisions of the statutes of the state where the corporation is created, including that which vests all its property in the superintendent, and gives him authority to wind

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

up its affairs. The corporation has been dissolved, and defendant Williams is in possession of its assets in Missouri under a decree rendered in a cause which was commenced prior to this cause.

The contention is on the part of the complainants that as to the funds in the hands of the receiver the Louisiana creditors have a preference for payment, or at least the right to have them retained here in the hands of the receiver as security that the amount due them will be paid. The claim on the part of the superintendent is that, under the law creating the corporation, the affairs, and the whole of them, should, upon its dissolution, pass into his hands as an officer of the state of Missouri.

The Louisiana creditors are such only by virtue of being policy-holders, and the company is a mutual one. They are, therefore, stockholders, liable to become debtors in case there should be a deficiency of total assets over the debts, and capable of becoming creditors in case there should be an excess. As matter of fact, in this case, they will be creditors. But they are creditors only by virtue of being members of the corporation. It must be that as members of a corporation they have assented to the laws of the state of its creation, which, upon its being dissolved, control the settlement of its affairs; *i. e.*, they have assented that the officers by whom, and the place and manner, shall be such as the laws of the state of Missouri prescribe.

There must be a common method by which the amount due by or to each policy-holder shall be ascertained, and this must be done by a common representative. This is the contract to which the plaintiffs bound themselves when they subjected themselves to the operation of the organic law of the corporation by becoming members of it. They cannot, therefore, now ask the court to protect them in the exercise of a right which they expressly relinquished. The effect which is wrought by this contract and assent to the laws of the state of Missouri makes the territorial extent of the authority of the superintendent to administer co-extensive with the authority of an assignee in bankruptcy, or a receiver of a national bank, springing from the territorial effect of a national law.

The decree must, therefore, be for the defendant Williams, as superintendent, directing the receiver, Fell, to turn over to him all the property of the corporation to be administered under the laws of the state of Missouri, and remitting the complainants to the court which decreed the dissolution. By reason of the consent which has been given in this cause, it must provide that before this is done all the

expenses of the administration up to this time, including the compensation of the receiver, Fell, and the costs in this cause, be paid by the defendant Williams, as trustee.