# Fitts *v.* National Life Association of Hartford, Connecticut.

## *Attachment Suit.*

1.  *Pleading and practice; dissolved corporation can not be made party defendant to a suit.*—Independent of statutory provisions, a corporation which has been legally dissolved by a judicial decree, has no longer a legal entity, and can not, therefore, be made a party defendant to a suit; and this principle applies where the dissolved corporation is foreign to the State in which the suit is attempted to be brought.
2.  *Same; same; effect of statute.*—The statute providing for a continued existence of dissolved corporations for five years from the date of their dissolution, for the purpose of prosecuting or defending suits, etc., (Code, § 1298), has no application to foreign corporations; and, therefore, a non-resident cor-

> poration which has been legally dissolved by a judicial decree rendered by a court of the State wherein such corporation was incorporated, can not be made a party defendant to a suit in this State, even though such suit is brought within five years from the date of dissolution.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was commenced by the appellant by attachment sued out on July 22, 1899, against what was styled the "National Life Association of Hartford, Connecticut, a non-resident corporation." On the same day the sheriff levied the attachment on certain lots in Attalla, Alabama, as being the property of the defendant corporation. On August 3, 1899, the plaintiff filed his complaint against the National Life Association of Hartford, Connecticut, claiming the sum of $1,250, based on a contract alleged to have been made by and between the plaintiff and the defendant. A special appearance was made by the attorneys of the receiver of the National Life Association of Hartford, Connecticut, who moved the court to abate the action and to dismiss the levy of the attachment upon the ground that the National Life Association had been duly dissolved by a decree of a court in the State of Connecticut, in which State the said corporation was incorporated, and had its principal place of business, and that this dissolution had taken place prior to the commencement of the suit, to-wit, on July 7, 1899. In support of this motion to abate the action and to dismiss the levy of the attachment, there was introduced in evidence the transcript and the record of proceedings of the superior court of Hartford county, State of Connecticut, in which there was a decree dissolving the National Life Association of Hartford, Connecticut. It was also shown that said association had been incorporated in the State of Conecticut and had its principal place of business in the city and county of Hartford, Connecticut.

Upon the introduction of all the evidence the court rendered judgment sustaining the motion and abated the action and dismissed the levy of the attachment, to

which ruling the plaintiff duly excepted. The plaintiff appeals, and assigns as error the rendition of said judgment abating the action and dismissing the attachment.

FITTS & FITTS, for appellant, cited 8 Am. & Eng. Ency. Law 406; *Life Asso. v. Fassett*, 102 Ill. 324; Wait on Insolvent Corporations, §§ 326, 327; *Ins. Co. v. Bank*, 68 Ill. 348; *Rogers v. Haines*, 96 Ala. 586; *Boulware v. Davis*, 90 Ala. 207; Beach on Receivers, § 47; *Hurd v. Elizabeth*, 41 N. J. L. 1; 20 Am. & Eng. Ency. Law 244.

DORTCH & MARTIN, *contra*, cited *Nelson v. Hubbard*, 96 Ala. 244; *Hunt v. Ins. Co.*, 55 Me. 290; 5 Thompson on Corporations, § 6755; *Tinkman v. Borst*, 31 Barb. 412.

SHARPE, J.—Independent of statutory provisions, a corporation which has been finally dissolved by judicial decree is no longer a legal entity and, therefore, cannot be made a party defendant to a suit.—*Nelson v. Hubbard*, 96 Ala. 238; *Saltmarsh v. P. & M. Bank*, 14 Ala. 668; s. c. 17 Ala. 766; *First Nat. Bank of Selma v. Colby*, 21 Wall. (U.S.) 609; *Thornton v. Marginal, etc., R. Co.*, 123 Mass. 32; *Combes v. Milwaukee, etc., R. Co.*, 27 L. R. A. (Wis.), 269; 2 Morawetz Priv. Corp., 1031.

The principle applies where the dissolved corporation was foreign to the state in which suit may be attempted. 5 Thom. Corp., § 5754; *Mumma v. Potomac Co.*, 8 Pet. (U. S.), 284; *Remington v. Samana Bay Co.*, 140 Mass. 494; 13 Am. & Eng. Ency. Law (2d ed.), 908; *Marion Phosphate Co. v. Perry*, 74 Fed. Rep. 425, 33 L. R. A. 252.

The same doctrine must prevail though the extinct foreign corporation may have done business in and left property in the State where suit is attempted, for the obvious reason that an adversary suit is impossible where there is no adversary. The authorities cited indicate that such property may be subjected to claims against the extinct corporation by appropriate proceedings in equity. The total lack of a defendant in the present case distinguishes it plainly from those which

have arisen between receivers of existing foreign corporations and creditors and others having claims against property within the territory of the suit. Such were the cases cited for appellant of *Rogers v. Haines*, 96 Ala. 586; *Boulware v. Davis*, 90 Ala. 207, and *City Ins. Co. v. Com. Bank of Bristol*, 68 Ill. 348. In the latter case the opinion, while upholding an attachment as against a foreign receiver, conceded as true that it could not have been done if the corporation had been defunct. In *Fassett v. Life Ins. Asso.*, 102 Ill. 324, suit was commenced and a lien by attachment acquired before the decree of dissolution was rendered in Missouri, and it appeared that the decree provided for continuing the corporation's existence during a period for purposes of suit and settling debts. Such were the facts upon which the court held that the protecting policy disclosed by statutes continuing dissolved domestic corporations should be applied by allowing the suit to proceed to judgment after the decree.

Our statute—section 1298 of the Code—providing for the continued existence of dissolved corporations for five years for the purpose of prosecuting or defending suits, etc., has no application to foreign corporations. For existence here they depend solely on the State of their creation. They act here only by comity and can be sued here only as the statute may provide. Such legislation as has been enacted concerning them has not been with the intention of making them citizens here or of prolonging their existence here after it has terminated elsewhere.

In *Mumma v. Potomac Co., supra,* it was pointedly said that "every creditor must be presumed to understand the nature and incidents of such a body politic and to contract with reference to them. And it would be a doctrine new to the law that the existence of a private contract of the corporation should force upon it a perpetuity of existence contrary to public policy, and the nature and objects of its charter."

It appears by undisputed proof that this proceeding was commenced after it had been dissolved absolutely by a judicial decree rendered in Connecticut where it

was created. It could not, therefore, have been prosecuted to a valid judgment for the plaintiff.

The judgment appealed from will be affirmed.