ALBERT BALDWIN ET AL. V. D. E. JOHNSON ET AL.

No. 1047. Decided November 25. 1901.

**1.—Corporation—Dissolution.**

A Louisiana corporation which has been dissolved by vote of its stockholders, and its affairs placed in the hands of commissioners for liquidation under the laws of that State, can not sue in its corporate name to recover land owned by the corporation in Texas. (P. 87.)

**2.—Same—Commissioners of Liquidation.**

The appointment, by vote of the stockholders of a Louisiana corporation, of commissioners, as provided by the laws of that State, for the liquidation of its affairs on dissolution, does not entitle such commissioners to maintain suit in Texas to recover land of the corporation. (P. 87.)

**3.—Dissolved Corporation—Stockholders' Right to Sue for Land.**

Stockholders in a dissolved corporation owing no debts are tenants in common of its property, and, as such, may sue for and recover its lands in Texas, as against trespassers, on behalf of themselves and their cotenants. (Pp. 87, 88.)

**4.—Same.**

Article 682, Revised Statutes, making the president and directors of a dissolved corporation trustees, applies only to domestic corporations. (P. 88.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Titus County.

Baldwin and others, as commissioners to wind up a dissolved Louisiana corporation, sued Johnson and others to recover land belonging to the company. Intervention was filed in the name of the corporation, and the commissioners also asserted rights as stockholders. Judgment was for defendants, and was affirmed on plaintiff's appeal, whereupon they obtained writ of error.

*P. A. Turner* and *S. P. Pounders,* for plaintiffs in error.

*Chas. S. Todd,* for defendants in error.

BROWN, Associate Justice.—The John Henry Shoe Co., a private corporation created under and in conformity to the laws of the State of Louisiana, owned the land in controversy, which is situated in Titus County. The corporation owed no debts, but was possessed of property of the value of $100,000. Its charter provided that when it should be dissolved, its affairs should be liquidated and settled by a commission of three persons appointed by the stockholders. The provision of the charter was in conformity to the law of the State of Louisiana. In accordance with the charter and in compliance with the laws of the State of Louisiana, the stockholders met at the city of New Orleans, where the corporation carried on its business, and in due form adopted the following resolution: "Mr. John H. Hannah moved that the 'John Henry Shoe Co., Ltd., be dissolved and its affairs liquidated under the superintendence of three commissioners to be elected forthwith in accordance with the notice heretofore read and that said commissioners be allowed a compensation of seven hundred and fifty ($750) dollars per month, to be divided equally among them; that said commissioners be vested with full power to dispose of all the assets of the company, both real and personal, to execute all papers, deeds and documents necessary or proper to that end, and to the complete and final liquidation of the company and the distribution of the proceeds amongst the stockholders, and that said commissioners be instructed to liquidate as speedily as possible.'"

The capital stock of the corporation was divided into 2000 shares of $100 each, and all of the shares were represented at the meeting which passed the foregoing resolution by unanimous vote. By unanimous vote of the stockholders, Albert Baldwin, John J. Hannah, and James J. McLaughlin were chosen commissioners to settle up the affairs of the corporation.

Baldwin, Hannah and McLaughlin filed this suit in the District Court of Titus County in the form of action of trespass to try title against D. E. Johnson and E. L. Hays. In the petition, the plaintiffs set out the proceedings with regard to the dissolution of the corporation and their selection as commissioners to wind up its business and settle its affairs,

and prayed that they recover the land as commissioners for the said John Henry Shoe Co. To this petition the defendants interposed a general demurrer and a special exception based upon the ground that the allegation showed the plaintiffs not entitled to recover in the character in which they sued. The general demurrer and the special exception were sustained by the court, whereupon the plaintiffs, by leave of the court, filed a trial amendment in which they set up that they were stockholders in the corporation, the John Henry Shoe Co., at and before its dissolution; that John H. Hannah owned 650 shares of its stock, Albert Baldwin owned 650 shares, and James J. McLaughlin owned two shares; that said corporation at the time of its dissolution owed no debts and was possessed of assets of the reasonable value of $100,000, and the petitioners prayed as in their original petition. The John Henry Shoe Co. intervened by leave of the court and the trial court overruled all demurrers and exceptions, whereupon the parties went to trial before a jury, and after the evidence had been introduced the judge gave the jury a charge to the effect that the plaintiffs have no such interest in the land as would entitle them to recover it of the defendants, and that the corporation, the John Henry Shoe Co., had been dissolved according to the laws of the State of Louisiana and could not maintain this action. "You are therefore instructed to return a verdict for the defendants." A verdict was returned accordingly and judgment entered by the trial court for the defendants, which was affirmed by the Court of Civil Appeals.

The judge of the District Court correctly instructed the jury that the plaintiffs could not recover as commissioners of the John Henry Shoe Co. Although the appointment of the commissioners was the voluntary act of the stockholders, it was not evidenced by such instrument as is required by our statute in the conveyance of lands and passed to the commissioners no title to lands in this State. Neither could the corporation maintain the action, for, being dissolved, it no longer existed, and of course could not assert a right in the property. Life Assn. v. Goode, 71 Texas, 90.

The pleadings and evidence show that the John Henry Shoe Co. had been dissolved under the laws of the State in which it was created, and, being so dissolved in that State, it was defunct as to every other State, for the State which gave it life had the power to prescribe the manner and means of its dissolution. No debts existed against the corporation, and the commissioners appointed under the law of Louisiana were merely for the purpose of collecting the assets and distributing them among the stockholders; but the property itself, upon the dissolution of the corporation, became the property of the stockholders, each one of whom owned an undivided interest in it in the proportion that his stock bore to the whole capital stock. Aransas Pass Harbor Co. v. Manning, 2 Texas Ct. Rep., 881; 94 Texas, 558. In the case cited, Chief Justice Gaines, for the court, said: ."But in its last analysis, the stockholders are the beneficial owners of the assets of the corporation.

This proceeding is instituted upon the theory, which we think a correct one, that the shareholders are the ultimate owners of the corporate property, and, when the corporation is dissolved and its creditors are satisfied, they hold title to the assets in proportion to their respective shares." The proposition quoted is well sustained by authority and by sound reasoning.

When the corporation existed, the title to the property was vested in it, and if a receiver or some officer had been appointed by the court to wind up the affairs of the corporation, the legal title would have rested in such officer in trust for the creditors and the stockholders. But there being no corporation, no receiver, trustee, nor creditor in existence, the trust ceased to exist and the legal and equitable title united in the stockholders, the only persons who had an interest in the land. 2 Perry on Trusts, sec. 920; How v. Waldron, 99 Mass, 281. The case is analogous to an accomplished trust and conveyance by trustee to the beneficiaries, which, under the rule in Perry on Trusts, creates an estate in common. It would be anomalous in judicial procedure to declare that persons in whom all the elements of title unite can not recover the property from trespassers.

The stockholders of the defunct corporation hold the land as tenants in common, and plaintiffs being stockholders in "The John Henry Shoe Co.," were entitled to recover the land for themselves and cotenants.

Article 682, Revised Statutes, is by express terms limited to corporations created under the laws of this State and can not affect this question.

The trial court erred by instructing the jury to find a verdict for the defendants and the Court of Civil Appeals erred by affirming the judgment. It is ordered that the judgments of the Court of Civil Appeals and of the District Court be reversed and that this case be remanded.

*Reversed and remanded.*