# Black *v.* Sullivan Timber Company, *et al.*

## *Bill for Receiver.*

(Decided April 20th, 1906.    40 So. Rep. 667.)

1. *Corporations; Voluntary Dissolution; Directors as Trustees.*— The dissolution of a Florida corporation under a decree of the Florida court, made upon application of a majority of the stockholders, is a voluntary dissolution under § 2157, Rev. Stat. of Fla., and under such section, upon a voluntary dissolution, its then president and borad of directors become the trustees of its assets and powers, with authority and power to wind up its affairs.

2. *Same.*—When a corporation of the State of Florida has been dissolved by the courts of that state on the application of a majority of its stockholders, and its affairs has passed into the hands of its then board of directors, a stockholder participating in the dissolution proceedings may not apply to an Alabama court for the appointment of a receiver of the corporation upon the allegation that the ultimate dividends from its assets when distributed would be lessened by the wrongful management of its trustees, although all its property may be situated in this State.

3. *Same; Appointment of Receiver; Allegations and Proof.*—To justify the appointment of a receiver the allegations and the proof in support of them must be clear and positive.

[Black v. Sullivan Timber Company, *et al.*]

APPEAL from Mobile Chancery Coutr.

Heard before Hon. THOS. H. SMITH.

Bill by John W. Black against the Sullivan Timber Company and others. From a decree annulling the appointment of a receiver of defendant company, and overruling a motion for the appointment of a receiver plaintiff appeals. The facts are sufficiently set out in the opinion of the court.

L. H. & E. W. FAITH, for appellant.—Upon appeal from the register to the chancellor the trial is de novo and amendments to the bill are to be considered.—*Moritz v. Miller*, 87 Ala. 332; *Smith v. Teague*, 119 Ala. 300. It seems under the statute law of Florida, where the dissolution took place, that upon a voluntary dissolution of a corporation created under the laws of that State the president and directors are constituted trustees for the corporation and for the management of its properties. It is exactly contrary in Alabama.—Sec. 1291, Code 1896; *Florence Gas Co. v. Handy*, 101 Ala. 15; *Weatherly v. Capital City W. W. Co.*, 115 Ala. 156. The Florida law has no extra territorial operation and the trustees of the Florida corporation would have no right to administer the property of the corporation located in Alabama.—*Booth v. Clark*, 17 How. 322; *Reynolds v. Stockton*, 140 U. S. 271; *Pendleton v. Russell*, 144 U. S 640. Nor will a foreign receiver be permitted against the claims of creditors residing in that place to remove from that State assets of the debtor.—Beech on Receivers, Sec. 254; *Smith v. Godfrey*, 61 Am. Dec. 617 and note; *Mahorner v. Hooe*, 48 Am. Dec. 706. In other words the Alabama statutes control and the Florida statutes have no application.—*Sturgis v. Vanderbilt*, 73 N. Y. 284; *McLean v. Hardin*, 3 Jones' Eq. 294; *Smith v. Godfrey, supra; Seay v. Palmer*, 93 Ala. 381. All the trustees must act jointly.—*Suggs v. Driver*, 31 Ala. 286; *Tarver v. Haines*, 55 Ala. 503; *Robinson v. Allison*, 74 Ala. 254; *Wellborn v. Austin*, 77 Ala. 384. Appellant is entitled to relief for the further reason that a majority of the trustees have breached the trust in agreeing to sell part of the property at private sale.—

[Black v. Sullivan Timber Company, *et al.*]

*Bacon v. Robertson,* 18 How. 480; *Lum v. Robertson,* 6 Wall. 277; *Etheringham v. Clark,* 21 So. Rep. 547; *Lee v. Lee,* 55 Ala. 600; *Calhoun v. King,* 5 Ala. 523. There is discord and dissention among the trustees to such an extent that they do not and will not act jointly in executing the trust which furnishes good ground for equitable interposition.—*McPherson· v. Cox,* 96 U. S. 404; *Wilson v. Wilson,* 14 N. E. 521.

STEPHENS & LYONS, and BLOUNT & BLOUNT, for appellees. This is a proceeding by a minority stockholder dissatisfied with the management of the majority and of the managers selected by them. In such a case a receiver will not be appointed or even a bill entertained.—*Ranger v. Champion,* 18 How. 331; *City Pottery Co. v. Yates,* 37 N. J. Eq., 545. The board of directors was selected by the stockholders for this particular end and in the absence of dishonesty or fraud, or gross mismanagement should not be displaced.—*Follet v. Fields,* 30 La. Ann. 161; *Etowah Mining Co. v. Wills Valley,* 106 Ala. 492. The trust is a continuing one in this instance and hence receiver will not be appointed.—106 Ala. 492. These trustees are directors continued and as such cannot be displaced under the allegations of the bill.—*Bridgeport v. Tritsch,* 110 Ala. 274; *Roman v. Woolfolk,* 98 Ala. 219. The appellant in this case contracted with reference to the laws of Florida and is bound by them.—103 U. S. 225. A receiver will not be appointed if there is any other adequate remedy.—114 Ala. 65; *Briarfield v. Foster,* 54 Ala. 622. Remedy by injunction against isolation complained of.—*Briarfield v. Foster, supra.*

HARALSON, J.—This bill was filed by the appellant, John W. Black, against the Sullivan Timber Company and several stockholders of the same, seeking the appointment of a receiver of the defendant company, a Florida corporation, but having all its property in Alabama. Upon the filing of the bill the the register appointed the complainant, as such receiver, without notice to the appellees. The order of the register, making the appointment, was appealed from, and upon such ap-

peal, the chancellor reversed and annulled the same, and also overruled and denied a motion, then made before him, for the appointment of a receiver. This appeal is prosecuted to reverse that decree of the chancellor.

Before the institution of this suit, April 1st, 1905, the circuit court of Escambia county, Florida, rendered a decree at the request of a majority of the sotckholders,— the complainant himself, being one of the stockholders, joining in the petition for such dissolution,—dissolving said corporation. All the defendants except the Sullivan Timber Company, together with the complainant, were the directors of said corporation, at the time the decree of the said Florida court was rendered.

Section 2155 of the Revised Statutes of Florida of 1892 provides, "All corporations shall continue bodies corporate for the term of three years after the time of dissolution from any cause, for the purpose of prosecuting or defending suits by or against them and enabling them to gradually settle their concerns, to dispose of and convey their property, and to divide their capital stock, but for no other purpose."

By section 2157 of said statutes, it is provided, "Upon the voluntary dissolution of any corporation already created, or which may hereafter be created, by the laws of this state, the president and directors, at the time of its dissolution, shall be trustees of such corporation, with full power to settle its affairs, collect its outstanding debts, and divide the money and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them; they may sue for and recover such debts and property by (in) the name of the trustee of such corporation, and may also be sued by the same, and such trustee shall be jointly and severally responsible to the creditors and stockholders of such corporation, to the extent of its property and effects that shall come into their hands, but in the event of dissolution from any other cause a petition may be filed in the circuit court by any three or more creditors or stockholders of said corporation, praying that a receiver be appointed, and the court or judge

thereof at chambers, shall hear and consider said petition, and for just and reasonable grounds shall grant said petition and appoint a receiver, and unless the president and directors of such corporation shall swear that the corporation is solvent and exhibit proof of the same satisfactory to the court or judge, such petition shall be granted and a receiver be appointed, but no voluntary dissolution shall be made or permitted after the institution of any suit or proceeding against any corporation for an involuntary or forced dissolution."

The petition for dissolution of the .corporation was asked, as stated, by a majority of the stockholders including complainant, in all respects as provided by the statute of Florida, and that it was a voluntary dissolution, cannot be questioned.

In Alabama we have kindred statutes.—Code 1896, §§ 1291-1300. The dissolution is to be decreed by the court of chancery. Section 1293. Upon a decree of dissolution, a receiver is to be appointed, of all the assets and property of the corporation, and the chancellor shall direct him to collect, by suit or otherwise, all the debts due the corporation, and sell property real or personal, belonging to the corporation, and how he shall make the title thereto to the purchaser, etc. Section 1294.

Section 1298 provides: "All corporations whose powers expire by limitation, all which are dissolved by forfeiture or any other cause, exist as bodies corporate for the term of five years after such dissolution, for the purpose of prosecuting or defending suits, settling their business, disposing of their property, and dividing their capital stock, but not for the purpose of continuing their business."

Upon the dissolution of any corporation, unless other persons are appointed by the general assembly, or by a court of competent authority, the managers of the business of the corporation at the time of its dissolution, by whatever name known, are the trustees of the stockholders and creditors, authorized to settle the affairs of the corporation, dispose of such property as is necessary to pay its debts, and divide among the stockholders the money and property remaining after payment of such debts and the necessary expenses."—Section 1299.

"Such persons have authority to sue for and recover the debts and property of the dissolved corporation, in its corporate name, and are jointly and severally responsible to its creditors to the extent of the property which may come into their hands." Section 1300.

The statutes of the two states are so nearly alike, that the proper construction of those of one state, applies alike to those of the other. In the case of *Weatherly v. Capital City Water Co.*, 115 Ala. 156, 22 South. 140, we had under consideration the construction of sections 1690 and 1691 of the Code of 1886, which appear also in the Code of 1896 as sections 1298 and 1299, where it was said, as the conclusion of the court: "Upon dissolution, the corporation is essentially dead except for the general purpose of collecting its assets, paying its debts and dividing its property and money remaining after the satisfaction of its liabilities among its stockholders. For the purpose of the enterprise or business which it was chartered to carry on, it is as essentially dead as if we had no statute continuing its life for the other specified purposes, as if, indeed, it had never existed at all; and this by the words of the statute which declare it to be non-existent for the purpose of carrying on its business.—Code 1886, § 1690 (Code 1896, § 1298.) Suits may be brought by its trustee and against it in its corporate name, but such suits only as pertain or are necessary or incident to the settlement of its affairs as of a business which absolutely ceased on the instant of its dissolution. The corporation as such has no more concern with or interest in the property once owned by it after dissolution than a dead man has in the estate he owned at the moment of death. The property after dissolution is in equity the property of the shareholders charged with the payment of debts, and by the statute committed to certain trustees to satisfy this charge and divide the residue among such shareholders. The trustees are invested with the legal title for the purpose of the trust and to an extent sufficient thereto, but no further. Contracts within corporate competency and of a nature to continue after dissolution and bind the property, are not abrogated by dissolution, but are of con-

[Black v. Sullivan Timber Company, *et al.*]

tinuing efficacy against the successors to the defunct corporation in ownership of its property, assets and franchises," etc.—*Nelson v. Hubbard*, 96 Ala. 238, 11 South. 428, 17 L. R. A. 375.

It is an admitted principle that the laws of another state have not, proprio vigore, any binding force extra territorium, but effect is given to such laws in a state foreign to the one making them, when by change of domicile, or removal of property into another state, on the principle of comity of nations, provided they do not contravene good morals, or are not repugnant to the policy or positive institutions of the state.—*Hanrick v. Andrews*, 9 Port. 25; *Castleman v. Jeffries*, 60 Ala. 389; High on Receivers, § 254.

It would seem, therefore, that the directors of the corporation, at the time of the dissolution of the corporation, who, by statute in the state of Florida were constituted trustees to wind up its affairs, will be recognized as such trustees in this state unless such appointment, and the conduct of the trustees, contravenes the policy and laws of this state. This will hereafter more fully appear.

Mr. High, speaking of foreign corporations and their dissolution, says: "When an association incorporated in a foreign country, has been dissolved by a decree or order of the government of that country, but the decree of dissolution is not absolute, and still leaves the corporation in existence for certain specific purposes, and it has property within the limits of this country under control of its officers resident here, the courts of this country will not appoint a receiver of the assets here, upon grounds which would not have availed for that purpose in the foreign country."—High on Receivers, § 305, citing *Hamilton v. Accessory T. Co.*, 26 Barb. 46; *Murray v. Vanderbilt*, 39 Barb. 140.

In *First National Bank v. Gustin Minerva Con. Min. Co.*, 42 Minn. 328, 44 N. W. 198, 6 L. R. A. 676, 18 Am. St. Rep. 510, the principle is declared as elementary that, "When a person becomes a stockholder in a corporation organized under the laws of a foreign state, he must be held to contract with reference to all the laws of the

state under which the corporation is organized, and which enter into its constitution; and the extent of his individual liability as a shareholder to the creditors of the company must be determined by the laws of that state, not because such laws are in force in this state, but because he has voluntarily agreed to the terms of the company's constitution," etc.

In *Relfe v. Rundle,* 103 U. S. 225, 26 L. Ed. 337, the doctrine is stated that, "No state need allow the corporations of another state to do business within its jurisdiction unless it chooses, with perhaps the exception of commercial corporations; but if it does, without limitation express or implied, the corporation comes in as it has been created. Every corporation necessarily carries its charter wherever it goes, for that is the law of its existence. It may be restricted in the use of some of its powers while doing business away from its corporate home, but any person who deals with it everywhere, is bound to take notice of the provisions which have been made in its charter for the management and control of its affairs both in life and after dissolution."—*Rundel v. Life Association of America* (C. C.) 10 Fed. 721; *R. M. S. Mines v. Brown,* 58 Fed. 647, 7 C. A. 412, 24 L. R. A. 776; *Fitts v. N. L. Association,* 130 Ala. 416, 30 South. 374.

The complainant, on the two grounds of being a creditor of the corporation, and also of being a shareholder, on either or both of which, bases his right, in the allegation of his bill, to have a receiver appointed. There is no allegation that the corporation is insolvent, and the proof shows that it is not. As a creditor, therefore, he does not show that he is in peril unless by reason of the averments as to the management of the affairs of the corporation, he is in danger of losing his debt. His right as a shareholder for a receiver must be, if at all, because his ultimate dividends from the distribution of the assets of the corporation will be lessened by the wrongful management of the defendants. Our inquiry may, therefore, be confined to this latter theory, which necessarily includes the first.

[Black v. Sullivan Timber Company, *et al.*]

Cook on Corporations, § 746, states the rule to be, that a court of equity will not practically remove corporate officers by enjoining them from performing any of their customary duties, and by appointing a receiver to manage its corporate affairs. He says, "A court will not appoint a receiver, because some of the shareholders disapprove of the management."—Id. No. 3 ; *Edison v. Phonograph Co.*, 52 N. J. Eq. 620, 29 Atl. 195.

"A receiver will not be appointed at the instance of a stockholder, even though mis-management is charged, there being no fraud, and no danger of insolvency."—Id.

"A minority of the stockholders of a corporation are not entitled to a receiver because of dissatisfaction with the policy and management of the majority of the officers and directors, in the absence of any showing of fraud or of insolvency."—High on Receivers, § 295.

In *Ranger v. Champion C. Press* (C. C.) 52 Fed. 614, the court held that, "there are three classes of cases in which stockholders may complain. A minority may object to the business policy pursued as tending to injure, perhaps destroy their interest. In such cases the court will seldom or never interfere. The majority must govern, unless there be palpable abuse of power or an interference with vested rights."—*Dodge v. Woolsey*, 18 How. 331, 15 L. Ed. 401.

As has appeared, complainant was a director of said corporation at the time of its dissolution, and participated in the application to the Florida court to dissolve the same. He thus assented to the laws of the state of its creation of the corporation which upon being dissolved, control the settlement of its affairs. He assented, that the officers by whom, and the place and manner, shall be such as the laws of the state of Florida prescribe, and cannot, therefore, now ask the court, to protect him in the exercise of a right which he expressly relinquished.—*Rundel v. L. Association of America, supra ; Parsons v. Charter Oak Co.* (C. C.) 31 Fed. 305; *Relfe v. Rundle, supra.*

It may be, without more, that the facts stated in the bill, would be sufficient on which to appoint a receiver in this state. But the answer under oath denies the ma-

terial averments of the bill, on which this contention rests.

Numerous affidavits were introduced on each side, those on one hand, to support the averments of the bill, and those on the other, to support the averments of the answer. It is sufficient to say,—having regard to the rule that the allegations and proofs to justify the appointment of a receiver, must be clear and positive— that these averments and proof do not make out a case for the appointment of one.—*Smith-Dimmick Lumber Co. v. Teague*, 119 Ala. 385, 24 South. 4.

The chancellor so ruled, and we have not been so convinced that he erred, as to justify the setting aside of his decree. We deem it unnecessary to consider other questions raised and discussed.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.