E. J. GASQUE, *Appellant*, v. ANNIE BALL, *et al., Appellees.*

Opinion Filed April 29, 1913.

1. In proceedings to remove a cloud resting upon title to real estate, the complainant must show with clearness, accuracy and certainty the validity of his own legal or equitable title, and the invalidity of the title of the opposing party.

2. Upon the expiration of a corporation the legal title to its land passes by operation of law to the stockholders who were the beneficial owners through the corporation.

3. Where it is sought to quiet title or to remove cloud from title to real estate, which is an equity ground independent of statute, it may be appropriate for the court as an incident to the relief sought to require an accounting for damages to the land in controversy when no rule of law or procedure is thereby substantially violated; and the propriety of the procedure may depend upon the allegations of fact in a particular case.

4. For trespass upon land damages may be recovered as compensation for the depreciation in the value of the land caused by the trespass.

5. The value of the products taken from the soil during a series of years is not the proper measure of damages for trespass upon lands.

Appealed from the Circuit Court for Pasco County.

Decree reversed.

*J. A. Hendley* and *James F. Glen,* for Appellant;

*Dozier A. DeVane,* for Appellees.

WHITFIELD, J.—An amended bill of complaint brought by Annie Ball, Marie Sherlock, Annie Sherlock Towns and Thomas Randolph Towns, against E. J. Gasque alleges in effect that complainants are the owners in fee simple of an undivided 196/200 interest in a described 80 acres of land and are in possession thereof; that the chief and sole value of the land is the pine timber growing thereon and the turpentine privileges belonging to said timber; that E. J. Gasque claims property rights in the land through the medium of a void tax deed, the invalidity of which deed appears in stated proceedings by virtue of which the deed was issued; that such void tax deed is a cloud upon complainant's title; that E. J. Gasque is tres passing upon the land, taking timber and turpentine products therefrom. The prayer is that the deeds constituting the cloud on the title be cancelled, that an accounting be had and for appropriate relief by injunction. From a decree for complainants the defendant Gasque appealed.

In proceedings to remove a cloud resting upon title to real estate, the complainant must show with clearness, accuracy and certainty the validity of his own legal or equitable title, and the invalidity of the title of the opposing party. Jarrell v. McRainey, 65 Fla.     , 61 South. Rep. 240.

It appears that the title to the land was in a corporation whose charter expired by limitation in 1896, and that

Thomas Sherlock owned 196/200 of the stock of the corporation. Upon the expiration of the corporation the legal title to the land passed by operation of law to the stockholders who were the beneficial owners through the corporation. See Baldwin v. Johnson, 95 Tex. 85, 65 S. W. Rep. 171. Thomas Sherlock owned 196/200 of the stock and presumably held it at his death in 1908. When Thomas Sherlock died his interest in the land descended to his heir, Annie Sherlock Towns, subject to the widow's dower right. This sufficiently shows the title of the complainants to 196/200 of the land, and the court made Annie Ball a trustee for the owners of the remaining 4/200 portion of the title. It seems apparent that the tax deed under which the defendant claims is ineffectual because the assessment was not made in accordance with the statute.

In Law v. Taylor, 63 Fla. 487, 58 South. Rep. 844, it was held that allegations seeking an accounting do not render multifarious a bill brought to quiet title to real estate. This is a recognition of the rule that multifariousness depends somewhat upon the facts alleged in each case and upon the effective and orderly disposition of causes of which the court has jurisdiction. Where it is sought to quiet title or to remove cloud from title to real estate, which is an equity ground independent of statute, it may be appropriate for the court as an incident to the relief sought to require an accounting for damages to the land in controversy when no rule of law or procedure is thereby substantially violated; and the propriety of the procedure may depend upon the allegations of fact in a particular case. See McMillan v. Wiley, 45 Fla. 487, 33 South. Rep. 993.

In this case the accounting prayed is for timber, turpentine, rosin and wood taken from the land. If this

25—Vol. 65

accounting and the decree thereon are confined to matters that tend to ascertain the true measure of damages to the realty, the recovery of which may be regarded as an appropriate incident to a removal of cloud from title to the land, there may be no impropriety in the proceedings.

The damages awarded by the decree are apparently the value of the naval stores products taken by the defendant from the trees on the land during several years.    This is error.    Damages may be allowed as compensation for the depreciation in the value of the land caused by the trespass complained of.    A recovery of the value of the products taken from the soil as in trover, is not an appropriate incident to the main relief sought, *viz.* removal of cloud from title.    Any legal evidence tending to show the value of the land before and after the trespass to indicate the damages to the land caused by the trespass, may be considered in determining the amount of damages that may be decreed under the facts of this case.

For the error in determining the measure and amount of damages allowed, the decree is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.