169 So. 307

**HAWKINS, Probate Judge, v. PURE OIL CO.**

6 Div. 936.

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied July 16, 1936.

A. A. Carmichael, Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for appellant.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellee.

GARDNER, Justice.

The appeal is by the probate judge of Jefferson county from a peremptory writ of mandamus, requiring him to accept for record a deed tendered by petitioner, without the payment of the filing tax specified in section 21½ of the General Revenue Law of 1927. General Acts 1927, p. 163.

Has petitioner shown a clear specific legal right to the thing demanded, essential in mandamus proceedings? Smith v. McQueen, ante, p. 90, 166 So. 788. We conclude the proper answer is in the negative, and upon more than one ground.

Looking through form to substance, we think it clearly appears that the deed in question represents but the culmination of a transaction wherein petitioner, the Pure Oil Company, purchased and took over all the property and assets of every character belonging to the Wofford Oil Company. True the transaction did not take the form of a direct sale and purchase with deed duly executed at the time, but a more circuitous route was followed.

Petitioner first acquired all the stock of the Wofford Oil Company, whereupon the latter company was dissolved, its debts and liabilities of every character paid, with the result, as contended by petitioner, that it, as sole stockholder, now owns the legal title to all the property of the dissolved corporation. 14-A Corpus Juris, § 3808.

Petitioner argues, therefore, that as it already had the legal title, the deed tendered for record was based upon a mere nominal consideration, and for the perfection of its title, within the language of the exception contained in section 21½, which, so far as here pertinent reads: "Except * * * deeds or instruments executed for a nominal consideration for the purpose of perfecting the title to real estate."

If, of course, the deed is for the purpose of acquiring the title, even though on a nominal consideration, the exception would not be applicable, as illustrated in the opinion of the Attorney General referring to a deed executed by an executor to carry out the will of the testator, and by which deed the legal title passes to the devisee. See Biennial Report of Attorney General 1926–28, p. 42.

Recognizing, we assume, the correctness of this position, petitioner's argument is based upon the theory that it had already the legal title by virtue of sole ownership of the dissolved corporation, as we have indicated above, and we first treat the case upon that assumption, without at the time stopping to inquire as to its exactness as a matter of law. So treated, we think petitioner is still due the tax. As previously observed, petitioner seeks to bring the deed within the exception of the statute, and the general rule is well recognized that exceptions should be strictly, though reason-

ably, construed. If there is doubt about an exception in a statute, it must be judged on the assumption that the rule is broader than the exception, and all doubts and implications should be resolved in favor of the rule rather than the exception; that is to say, the latter is strictly construed when it is to modify or qualify comprehensive terms or an enactment. State v. Praetorians, 226 Ala. 259, 146 So. 411.

The deed here offered for record embraces not only real estate, but all property, real, personal, and mixed as well as all other assets of whatsoever kind and nature of the Wofford Oil Company. The language of the exception makes reference to deeds for a nominal consideration for the purpose of perfecting title to real estate only, while the deed here in question is much broader in its scope, including property, personal and mixed, and all assets of any character. Strictly construed, therefore, it would seem the deed is not within the letter of the exception. But we may lay the decision of that question to one side, as, in our opinion, the ruling may well rest upon the broader ground that the deed tendered comes neither within the letter nor spirit of the exception. The purpose of the exception was plain. It is a matter of general knowledge that in abstracting titles to property, and in making sales, and settling estates numerous defects appear which should be corrected on the record, and the owner, though having possession and title, is required to perfect the record title, and deeds are oftentimes required for this purpose. They are based upon a mere nominal consideration, and usually serve to correct a technical error or defect in the title, or perhaps some matter of description. We attempt no exact statement of the extent or limitations of this exception, but merely observe that its general purpose had reference to some such situation as thus outlined.

Petitioner presents no such case. It has, according to its own contention, the perfect legal title to all of the property of the Wofford Oil Company of every character and description. This title needs no perfection. The plain purpose of its recordation, therefore, is not for perfection of the title to real estate, as the exception reads, but the perfection of the record of the transaction. But for that privilege the statute exacts a tax, and the exception was not incorporated in the statute for the purpose of enabling one who has the legal title to thus gain the advantage of its recordation without its payment.

Had the purchase of all the property and assets of the Wofford Oil Company followed the ordinary course, the deed, which represented the culmination of the transaction, would, of course, have required the recording tax. The mere fact that the transaction took the more circuitous route of first a purchase of all the stock and then the deed does not change its character, but only the form of the transaction. So viewed, it may be seriously questioned that the deed here may be said to rest upon a mere nominal consideration, one of the essential features of the exception, but that the consideration in fact related to the original purchase, in which the parties had in mind some such deed as an evidence of the title thus acquired and for record purposes.

But this aside, our conclusion is that, in any event, this is not a deed for perfection of title within the meaning of the exception. It is to preserve the evidence of the title and to place in record form the title already acquired. To such a deed the general rule, and not the exception in the statute, applies.

We have thus far treated the case upon the assumption petitioner had the legal title, which is alleged as a mere conclusion of law, and based upon the authorities cited in the note to 14–A Corpus Juris, supra, which are to the effect that, in the absence of a statute, the property of a dissolved corporation, with all liabilities fully satisfied, is treated in all respects just as the estate of a dead man; and the shareholder takes the title as does the heir of a decedent. See discussion of this question in Stearns Coal Co. v. Van Winkle (C.C. A.) 221 F. 590, 591; Baldwin v. Johnson, 95 Tex. 85, 65 S.W. 171. And such a dissolved corporation was so likened in Black v. Sullivan Timber Co., 147 Ala. 327, 40 So. 667. See, also, Mobile Temperance Hall Association v. Holmes, 189 Ala. 271, 65 So. 1020.

But whatever may be said as to this rule of law, it is applicable in any event only in the absence of a statute regulating such matters.

We have such a statute in this state concerning domestic corporations (Fitts v. National Life Ass'n, 130 Ala. 413, 30 So. 374), and their continued existence for a limited period with the directors as statutory trustees. Sections 7063 and 7069,

662

Code 1923. Many states have similar provisions, as note the Florida statute to like effect in Black v. Sullivan Timber Co., 147 Ala. 327, 40 So. 667. A statute of similar import exists also in Delaware, the state of the domicile of the Wofford Oil Company. See section 1954, Revised Code of Delaware 1915, as amended Laws of Delaware 1925, c. 112, p. 283.

And the very deed tendered for record, and made an exhibit to the petition, discloses on its face that it was executed by the parties named as directors and as liquidating trustees of the Wofford Oil Company, thus indicating the continued existence of the corporation for such limited purposes as contained in our own statute. The case was determined in the court below on the pleadings, and, of course, no proof offered.

While we take no judicial notice of the statute laws of another state, yet reference was merely made to the Delaware statute by way of argument, and as demonstrating the insufficiency of the petition as against the demurrer interposed, upon the ground that it stated a mere conclusion.

And when the deed is considered, as above indicated, the statement of the conclusions of law is rendered still more objectionable upon that ground for the reason that the deed bears indication that in fact a statute does exist, which continues the corporation in existence for just such a purpose as the conveyance of its property. If, therefore, there exists such a statute, the deed served the purpose of vesting the legal title in petitioner, and so considered it related to the acquisition of title and not its mere perfection, as hereinbefore indicated. Viewed in that aspect, the deed would come within the general rule of the statute, and the exception be inapplicable.

Our conclusion is that the demurrer to the petition was due to be sustained.

Let the judgment stand reversed, and the cause remanded.

Justice KNIGHT concurs in the opinion. The other Justices concur in the result, but prefer to confine their concurrence to so much of the opinion as treats the deed on the acquisition of the legal title to the property, and not the mere record perfection of such title already vested.

Reversed and remanded.

All the Justices concur, as indicated.