BRYAN, Judge.
Sustainable Forests, LLC (“the taxpayer”), appeals from a summary judgment entered in favor of the Alabama Department of Revenue (“the Department”). We affirm.
The taxpayer solely owns three single-member limited-liability companies, Red Mountain TimberCo I LLC, Red Mountain TimberCo IV LLC, and GMO Threshold Timber Courtland LLC (collectively, “the LLCs”). In October 2006, the taxpayer executed statutory warranty deeds conveying various tracts of real property to each of the LLCs. That same month, the tax *271 payer executed assignments of its interests in timberland leases to each of the LLCs. The taxpayer recorded the deeds and assignments in the probate offices of the counties where the properties are located. Pursuant to § 40-22-1, Ala.Code 1975, the taxpayer paid a recording tax upon filing each of the deeds and assignments.
The taxpayer subsequently petitioned the Department for a refund of the recording taxes. Because the Department did not respond to the taxpayer’s petitions within six months, the petitions were deemed to be denied. § 40-2A-7(c)(8), Ala.Code 1975.[1] The taxpayer appealed from the denials to the Montgomery Circuit Court, pursuant to § 40-2A-7(c)(5)b., Ala.Code 1975. The parties filed a joint stipulation of facts, and both parties filed a motion for a summary judgment. The trial court entered a summary judgment in favor of the Department, and the taxpayer appealed to this court.
“Summary judgment is appropriate only when ‘there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.’ Rule 56(c)(3), Ala. R. Civ. P., and Dobbs v. Shelby County Econ. & Indus. Dev. Auth., 749 So.2d 425 (Ala.1999).... In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra.”
Bruce v. Cole, 854 So.2d 47, 54 (Ala.2003). “[W]e must give the words in a statute their plain, ordinary, and commonly understood meaning, and where plain language is used we must interpret it to mean exactly what it says.” Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 517 (Ala.2003).
“ ‘[T]he right of taxation is essential to the existence of all governments, ... and it is never to be presumed that this right is abandoned or surrendered unless it clearly appears that such was the intention.... ’ Stein v. Mayor, Aldermen and Common Council of Mobile, 17 Ala. 234, 239 [ (1850) ]. ‘... ‘‘... ‘Taxation is the rule; exemption the exception.’ ... ” ’ Brown v. Protective Life Insurance Co., 188 Ala. 166, 168, 169, 66 So. 47 [ (1914) ].”
State v. Lamson & Sessions Co., 269 Ala. 610, 614, 114 So.2d 893, 896 (1959).
The issue in this case is whether § 40-22-1, Ala.Code 1975, requires the taxpayer to pay recording taxes on the recorded deeds and assignments executed in favor of the LLCs. Section 40-22-1 provides, in pertinent part:
“No deed, bill of sale, or other instrument of like character which conveys any real or personal property within this state or which conveys any interest in any such property, except the transfer of mortgages on real or personal property within this state upon which the mortgage tax has been paid, deeds or instruments executed for a nominal consideration for the purpose of perfecting the title to real estate, the re-recordation of corrected mortgages, deeds, or instruments executed for the purpose of perfecting the title to real or personal property, specifically, but not limited to, corrections of maturity dates thereof, and deeds and other instruments or conveyances, executed prior to October 1, 1923, shall be received for record unless the following privilege or license tax shall have been paid upon such instrument before the same is offered for rec *272 ord: ... [U]pon all such instruments executed to convey real or personal property situated in this state of more than $500 in value there shall be paid the sum of $.50 for each $500 or fraction thereof in value of property conveyed by such instrument....”
Thus, the recording tax is triggered by the recording of an instrument that conveys real or personal property or an interest in such property. The taxpayer does not argue that any of the four exceptions listed in § 40-22-1 apply in this case. Instead, the taxpayer argues that, for taxation purposes, the deeds and assignments recorded in this case did not actually “convey” property to the LLCs. In making that argument, the taxpayer relies on § 10-12-8(b), Ala.Code 1975, which provides, in pertinent part:
“... [F]or purposes of taxation, other than Chapter 14A of Title 40, [ie., the Alabama Business Privilege and Corporation Shares Tax Act of 1999,] a domestic or foreign limited liability company shall be treated as a partnership unless it is classified otherwise for federal income tax purposes, in which case it shall be classified in the same manner as it is for federal income tax purposes.”
For federal income-tax purposes, the LLCs are disregarded as entities separate from their sole owner, the taxpayer. That is, the LLCs, as “disregarded entities,” are treated in the same manner as a branch or division of the taxpayer for federal income-tax purposes. See 26 C.F.R. § 301.7701-2(a). Thus, pursuant to § 10 — 12—8(b), the LLCs are disregarded entities for purposes of taxation, other than pursuant to § 40-14A-1 et seq., an act inapplicable to this case. The taxpayer argues that, for there to be a conveyance within the meaning of § 40-22-1, there must be a transfer of property or an interest therein from one entity to another. See, e.g., Crowley v. Bass, 445 So.2d 902, 904 (Ala.1984) (“ ‘Deed’ and ‘conveyance’ in their most common legal usage refer to a transfer of title to land from one person to another.”). The taxpayer contends that, because the LLCs are disregarded entities for tax purposes, the deeds and assignments did not actually convey property or an interest therein and, consequently, the recording tax does not apply.
Although the taxpayer makes a strong argument, we conclude that the recording of the deeds and assignments is subject to the recording tax established by § 40-22-1. In Hawkins v. Pure Oil Co., 232 Ala. 660, 169 So. 307 (1936), our supreme court addressed the predecessor statute to § 40-22-1. In Hawkins, Pure Oil Company acquired all the stock of Wofford Oil Company. 232 Ala. at 660, 169 So. at 308. Wofford Oil Company was then dissolved, leaving Pure Oil Company in control of the dissolved company’s assets. Pure Oil Company then attempted to record a deed reflecting the transfer of the assets. Id. Like the deeds and assignments in this case, the recorded deed in Hawkins did not fit into any of the specific exceptions to levying the recording tax. In concluding that the recording tax should be levied, our supreme court observed:
“The plain purpose of [the] recordation [of the deed] ... is not for perfection of the title to real estate, as the exception reads, but the perfection of the record of the transaction. But for that privilege the statute exacts a tax, and the exception was not incorporated in the statute for the purpose of enabling one who has the legal title to thus gain the advantage of its recordation without its payment.”
232 Ala. at 661, 169 So. at 308.
Thus, the recording tax is a tax on the recording of the document itself, not a tax on the underlying transaction. Accord Dean v. Pinder, 312 Md. 154, 159, *273 538 A.2d 1184, 1187 (1988) (stating that the tax levied on the recording of deeds transferring property, although “computable on the amount of consideration transferred, ... is not considered a tax on property but rather an excise tax imposed upon the privilege of recording the deed”). In this case, the recording of the deeds and assignments subjected the taxpayer to the recording tax.
Under § 40-22-1, the recording of deeds and assignments such as the ones in this case triggers the recording tax unless a specific exception applies. Hawkins. It is undisputed that the taxpayer is not exempt from the recording tax under any of the four specific exceptions listed in § 40-22-1. Under the principle expressio unius est exclusio alterius, the express inclusion of one exception implies the exclusion of others. See generally Ex parte Haponski, 395 So.2d 971, 972 (Ala.1981). Thus, because § 40-22-1 does not specifically exclude from taxation the recording of deeds and assignments executed between a single-member LLC and its sole owner, an inference may be drawn that the recording of those documents is subject to the recording tax. It would be the province of the legislature, not this court, to create such an exception from the broad coverage of the statute. See Honeycutt v. Employees’ Ret. Sys. of Alabama, 431 So.2d 961, 964 (Ala.1983) (stating that a court’s role is not to usurp the legislature by amending statutes); and Art. Ill, § 43, Ala. Const. 1901 (“In the government of this state, ... the judicial [department] shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.”). We cannot create a judicial exception to the recording tax found in § 40-22-1.
We note that both parties have cited various nonbinding authorities, such as revenue rulings of the Department and opinions of the attorney general,[2] that are not precisely on point concerning the dis-positive issue. Although both parties have made commendable arguments regarding those nonbinding authorities, a discussion of those arguments is unnecessary in light of the above analysis.
The deeds and assignments recorded by the taxpayer are subject to the recording tax established by § 40-22-1. Therefore, the trial court correctly determined that the taxpayer is not due a refund of the recording taxes. Accordingly, we affirm the summary judgment entered in favor of the Department.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Section 40-2A-7(c)(3), Ala.Code 1975, provides, in pertinent part: "The [Department shall either grant or deny a petition for refund within six months from the date the petition is filed.... If the [D]epartment fails to grant a refund within the time provided herein, the petition for refund shall be deemed to be denied.”

. See Alabama Dep't of Revenue v. National Peanut Festival Ass’n, Inc., 11 So.3d 821, 833 (Ala.Civ.App.2008) (stating that opinions of the attorney general are not controlling and are merely advisory); and § 40-2A-5(a), Ala. Code 1975 (stating that a revenue ruling issued by the Department is binding "only with respect to the taxpayer making the request and only with respect to the facts contained in the request”).