## WEIDENFELD *v.* SUGAR RUN R. CO. *et al.*

*(Circuit Court, W. D. Pennsylvania. January 7, 1892.)*

1. RAILROAD COMPANIES—DUTIES OF DIRECTORS—DELEGATION OF POWER—LOCATING ROUTE.

   Under Act Pa. Feb. 19, 1849, imposing upon the president and directors of a railroad company the duty of locating its road, this duty cannot be delegated to an executive committee appointed under the by-laws to have "general supervision of the operations and policy of the company," with power to authorize its officers to execute "such contracts and agreements" as the committee may deem expedient; and a location made by such a committee is void, as against a subsequent location on the same ground by the directors of another company having the right of eminent domain.

2. SAME—EMINENT DOMAIN—PRIVATE USE.

   A railroad to be built solely for the private use of the controlling stockholder in conveying tan-bark from a certain tract of land to his mills is not entitled to exercise the right of eminent domain, though the company is organized under Act Pa. April 4, 1868, which provides for the formation and regulation of public railroad companies.

3. SAME—JURISDICTION OF FEDERAL COURTS.

   Act Pa. June 19, 1871, provides that when it is alleged that the private rights of individuals or corporations are injured by any corporation claiming a franchise to do the act from which the injury results, the court may inquire whether such corporation does in fact possess such franchise, and, if it does not, may enjoin it from committing the injurious acts. *Held*, that this equitable right may be administered in a federal court, by inquiring whether a corporation organized under the general railroad law is not intended for a purely private purpose.

4. SAME—RIGHTS OF STOCKHOLDERS.

   A stockholder of a railroad company which has located and partially constructed its line may maintain a bill to enjoin a rival company from appropriating this work to its own use, when he shows that the directors of his own company are acting in sympathy with the rival company, have furnished it with knowledge of certain defects which render their own location invalid, and have refused to resist such appropriation.

In Equity. Bill by C. Weidenfeld against the Sugar Run Railroad Company and others to restrain that company from appropriating the

right of way of the Allegheny & Kinzua Railroad Company, in which complainant is a stockholder. Preliminary injunction granted.

*C. Walter Artz*, for complainant.

*H. C. Dornan* and *John Ormerod*, for defendants.

REED, J. The complainant's bill shows that, in a proceeding in the circuit court for the northern district of New York between the same complainant and the Allegheny & Kinzua Railroad Company, S. S. Bullis, and Mills & Barse, as defendants, a preliminary injunction was granted on the 18th of July, 1891, restraining those defendants from interfering or aiding any interference with the Interior Construction & Improvement Company in the execution of its duties under certain agreements with the defendants, and from constructing or aiding the construction of any competitive or other line of railroad, in violation of said agreements. That among the lines of railroad proposed to be constructed under said agreements was what is known as the "Sugar Run Branch of the Allegheny & Kinzua Railroad," which was designed, among other things, to reach certain timber land of Messrs. Bullis and Barse, which they had agreed to place under the lien of a mortgage given to secure the bondholders of the Allegheny & Kinzua Railroad Company, and from which branch the latter company expected to derive a large revenue in transporting the timber and bark coming from said lands. That subsequently, in November, 1891, the Sugar Run Railroad Company, the defendant in this case, was incorporated, and the route of its railroad surveyed and located in greater part over the route of the Sugar Run Branch of the Allegheny & Kinzua Railroad. That the Sugar Run Railroad Company was organized by A. A. Healy and others named as defendants, in collusion with the said Bullis, with the especial purpose of evading the injunction of the said circuit court. The charge of collusion is denied both by the answers of the defendants and by their affidavits, and has not been established by the plaintiff. While there is enough shown to lead to the conclusion that the officers of the Allegheny & Kinzua Railroad, and particularly its president, Mr. Bullis, have regarded with complacency the organization of this rival railroad, and its appropriation of the route and grading of one of the branches of their railroad, and while they have made no effort to protect the interests of their company, yet, so far as shown, the defendant company has been organized and is proceeding with its work as a separate enterprise, and its promoters are acting in independence of Mr. Bullis or the Allegheny & Kinzua Railroad. The injunction cannot be continued on this ground. In this connection it may be said that the defendant Healy is the owner of a large quantity of bark, which he reserved in a sale of timber land to Bullis in 1887, and which the defendants allege he is anxious to transport to his tanneries, and therefore he and his associates are constructing the defendant company's railroad with that object in view; Mr. Bullis and his assignee, the Allegheny & Kinzua Railroad Company, having failed, according to the terms of the agreement between Messrs. Bullis and Healy, to construct said railroad and transport said bark.

So far Mr. Healy seems to be acting for his own protection and in his own interest, and not in the interests of Mr. Bullis.

The plaintiff further contends, however, that, as a stockholder of the Allegheny & Kinzua Railroad Company, he is entitled to ask that its rights in the Sugar Run branch be protected; that it had located this branch, and had graded and cleared several miles of its route, which work the defendant company has appropriated, and is preparing to lay its railroad in part upon this graded road-bed. The defendant company claims priority of location and title, as between itself and the Allegheny & Kinzua Company, to the route; and its counsel contend that under the law of Pennsylvania it is entitled to appropriate this route regardless of the work done by the latter company. It appears from the affidavits that the actual location in behalf of the latter company was made by the Interior Construction & Improvement Company, the contractor for the construction of its lines of railroad. The line as located by the contractor was approved by the executive committee of the Allegheny & Kinzua Railroad Company, but was never authorized or approved by its board of directors. The by-laws of the latter company provide for the appointment of an executive committee, and provide "said committee shall have a general supervision of the operations and policy of the company, and shall have power to authorize the execution by the president, secretary, or treasurer of such contracts or agreements as said executive committee may deem expedient." This authorization has reference only to the conduct of the ordinary business and operations of the company, and does not extend to such important acts as the direction and approval of the location of its lines of railroad. The statute of Pennsylvania, (Act Feb. 19, 1849,) under which this railroad company acts in the construction of its railroad, imposes the duty of location upon the president and directors of the company; and this discretion cannot be delegated, nor can the board of directors approve and ratify, the unauthorized action of its officers in making such location, as against the rights of another railroad company, which may have attached to the property in question prior to such ratification. *Appeal of New Brighton Ry. Co.*, 105 Pa. St. 13; *Williamsport & N. B. R. Co. v. Philadelphia & E. R. Co.*, 141 Pa. St. 407, 21 Atl. Rep. 645. This question can only arise between two corporations having the right of eminent domain. If the defendant company has this power, and is entitled to its exercise, then, as between it and the Allegheny & Kinzua Railroad Company, it would seem entitled to the location, because, as appears, its board of directors have proceeded with the location of its line in the manner prescribed by the statute; and this is so, although the other company has actually done work upon the ground. *Williamsport & N. B. R. Co. v. Philadelphia & E. R. Co.*, *supra*; *Titusville, etc., R. Co. v. Warren, etc., R. Co.*, 12 Phila. 642; *Davis v. Railroad Co.*, 114 Pa. St. 308, 6 Atl. Rep. 736.

It becomes important, then, to ascertain what rights and powers the defendant company possesses. It is organized under the general railroad law of Pennsylvania, being the act of assembly approved April 4, 1868, entitled "An act to authorize the formation and regulation of rail-

road corporations." Its articles of association state that it is to be constructed and maintained for the term of 10 years, from Sugar Run Junction, McKean county, Pa., to Sugar Run Station, on the river division of the Western New York & Pennsylvania Railroad, in Warren county, Pa., a distance of about 12 miles. Its authorized capital is $120,000, or 1,200 shares, of $100 each. Of this capital stock 269 shares have been subscribed, 250 of which are subscribed for by A. A. Healy, 10 shares by Mr. Lewis, his attorney, and the remaining 9 shares by 9 persons. The Allegheny & Kinzua Railroad Company has the right under its charter to build the Sugar Run branch over the route in question, the defect being, as stated, in the location of its line upon the ground; and the complainant contends that the defendant company is a private enterprise for the benefit of the defendant Healy; that he is attempting to use the powers conferred by the statute for his own private purpose; and that the Allegheny & Kinzua Company, or the complainant as a stockholder in the latter company, have such standing as to be able to raise the question. The affidavits read on behalf of the defendants, of Messrs. Lewis, Healy, and Brown, the statements of Mr. Healy to Messrs. Smith and Byrne, as stated in their affidavits, and the communication of Mr. Roberts to the councils of the city of Bradford, set forth in the affidavit of A. G. McComb, satisfy me that the purpose of the organization of the Sugar Run Railroad Company was a private one, namely, to reach and transport the bark belonging to or purchased by the firm of Healy & Sons for use at their tanneries. Although its promoters profess that it is organized for a public purpose, yet they have failed to show any public use or necessity for the railroad, nor any public traffic that it will obtain when constructed. Messrs. Healy and Brown admit that their purpose in subscribing to the stock was to secure a means of reaching the bark they needed for the tanneries; and as the stock is held by themselves, their attorneys and business associates, it is probable that their motive in subscribing to the stock actuated all the subscribers for one share each. The company is organized for the short term of 10 years, and is manifestly intended to meet a temporary necessity. It follows, therefore, that its stockholders are endeavoring to use its corporate powers, including that of eminent domain, for a private purpose.

Whether the use is a public one, for which private property may be taken, is a judicial question. If the use itself is found to be only private, or, further, if, the use being public, the appropriation can in no respect be subservient thereto, it is the duty of the judicial department to protect the citizen by proper remedies from the taking of his property, whether attempted in open disregard of or under color of law. Pierce, R. R. 146; *Boom Co.* v. *Patterson*, 98 U. S. 403. By a statute of Pennsylvania, (Act June 19, 1871,) it is provided that, in proceedings in courts of law or equity, in which it is alleged that the private rights of individuals or of corporations are injured or invaded by any corporation claiming a right or franchise to do the act from which such injury results, the court may inquire and ascertain whether such corporation

does in fact possess the right or franchise to do the act, and, if such rights or franchise have not been conferred on such corporation, such courts, if exercising equitable powers, shall by injunction, at suit of the private parties or other corporations, restrain such injurious acts. This equitable right may be administered by a court of the United States. *Holland* v. *Challen*, 110 U. S. 15, 3 Sup. Ct. Rep. 495. In the case of *Appeal of Edgewood R. Co.*, 79 Pa. St. 257, it appeared, as in this case, that a number of persons had procured a charter for a railroad company, and, under cover of constructing a railroad for public use, were engaged in the construction of a railroad from a tract of coal owned by themselves to the Pennsylvania Railroad. A bill was filed by a property holder to restrain the appropriation, by virtue of the power of eminent domain conferred upon the railroad company, of a portion of his property for its uses. The supreme court of Pennsylvania, finding the facts to be that the railroad was projected and constructed with the primary object of connecting the coal mines with the Pennsylvania Railroad, held that the railroad was being constructed for private purposes under cover of a charter obtained under the general railroad laws of the state; that there appeared a perversion of an enactment passed for one purpose, in order to subserve other and inconsistent purposes; that the charter of the defendant company did not warrant the appropriation of the land of the plaintiff for the purpose to which the defendant had applied it; and that it did not possess the right or franchise to do the acts which had resulted in the injury of which the plaintiff complained. In *Appeal of Western Pennsylvania R. Co.*, 104 Pa. St. 399, the same court, commenting upon the *Edgewood R. Co. Case*, said:

"A charter authorizing the building of a public railroad did not warrant the construction of a purely private one. * * * The question was one of corporate power, and that question was determined by the inspection of the charter of the company proposing to exercise the power."

In the present case it is stated in the affidavits that deeds for this land, upon which the Allegheny & Kinzua Company has partly constructed its railroad, are in the possession of its officers, but, however that may be, it is in possession of the land, and has by that possession sufficient interest to question the right of the defendant company to dispossess it and appropriate the land.

One other question was raised, namely, the right of the complainant to maintain the bill in this case as a stockholder of the Allegheny & Kinzua Company. The bill contains the averments required by the ninety-fourth rule in equity, that the complainant was a stockholder at the time the transactions took place of which he complains, and that the suit is not a collusive one. It further alleges that the officers and directors of the Allegheny & Kinzua Company are not only not acting for the interests of their corporation, but are acting in sympathy with the defendants interested in the Sugar Run Company; that the defendant Bullis and his associates thus acting are a majority of the board of directors, and own a major portion of the stock of the company; that they are now acting in such bad faith and disregard of their duties.

Mr. Smith's affidavit shows that the board refused to direct steps to be taken to resist the appropriation of the property of the company and interference with its rights, and Mr. Bullis has been seen upon the line with the president of the Sugar Run Company since the latter company commenced work. It also appears that the information as to defects in location was furnished to the officers of the latter company by the officers of the Allegheny & Kinzua Company. The complainant, as a stockholder, is injured by these unlawful acts on the part of the Sugar Run Company, with the consent and acquiescence of the officers and directors of his company. It is clear that this is a real grievance, and a real and meritorious application by the complainant to prevent a wrong to the corporation within the ruling of Justice HARLAN in the case of *County of Tazewell* v. *Farmers' Loan & Trust Co.*, 12 Fed. Rep. 752. In a previous case between the same complainant and the Allegheny & Kinzua Company and its directors, the complainant was seeking as a stockholder to settle the contract relations between that company and the Interior Construction Company, of which he was an officer, and his charges against the officers of the railroad company grew out of those contract relations. This court then thought he had not shown such standing, in view of the requirements of rule 94, as to sustain his bill. *Weidenfeld* v. *Railroad Co.*, 47 Fed. Rep. 11. This is a different case. No contract relations are involved in this case. The attempt is to strip the company of its property, in which the complainant as a stockholder has a direct interest, and there is such a disregard of duty and non-performance of manifest official obligation, amounting to what the law considers a breach of trust, that it is a case in which the stockholder has a right to interfere. It does not involve a discretion as to the bringing of suit which ought properly to be left to the judgment of the board of directors or of the majority of the stockholders, for here a portion of the corporate property and the exercise of the franchises of the company over the route in question are in jeopardy, and its officers, in disregard of their duty, are consorting with its enemies, and furnishing them with information as to the defects in its rights to the use of the route. While the question is not entirely free from doubt, yet I think sufficient is shown by the complainant to give him standing in this application.

A preliminary injunction should issue, therefore, restraining the Sugar Run Railroad Company, its officers, agents, contractors, and employes, from interfering with the line of the Sugar Run Branch of the Allegheny & Kinzua Railroad Company, as projected and partly graded. So far as the restraining order relates to construction by the Sugar Run Railroad Company of portions of its railroad which do not interfere with the line of said branch, it should be dissolved; otherwise it should continue in force until the writ of injunction issue, which should only be upon the filing by the complainant of an injunction bond, in the sum of $10,000, to indemnify the said Sugar Run Railroad Company, with sureties to be approved by the court. And it is so ordered.