### SMITH v. LEE et al.

(Circuit Court, N. D. Iowa. December 26, 1896.)

**1. EQUITY—INDISPENSABLE PARTIES.**

A bill to compel a transfer of corporate stock from defendants to complainant, and an accounting of dividends, averred that the stock had been

pledged by complainant with one H. trustee, as collateral for a loan, and that H. had been induced by false representations to sell and transfer it to defendants. It did not appear whether or not H.'s claim had been fully discharged. *Held,* that H. was not an indispensable party, especially as his interest in the stock, if he had any, and chose to assert it, would not be affected by its transfer to complainant.

2. SAME.

The general rule that equity will require all parties in interest to be brought in, to the end that one suit may end the litigation, is one of convenience, and is not to be enforced when it would work injury to the rights of the parties before the court.

3. CORPORATE STOCK—PLEDGE AS COLLATERAL—SUIT TO COMPEL TRANSFER.

A pledge of corporate stock as collateral for a loan does not divest the title of the pledgor, and, in a suit to compel a transfer to him from one who is alleged to have obtained it from the pledgee through a sale induced by false representations, it is not necessary to aver or prove that the debt has been fully paid.

This was a suit in equity by A. Ferris Smith against Patrick J. Lee and others to compel a transfer of certain corporate stock, and for an accounting of dividends received thereon. The cause was heard on demurrers to the bill.

Wm. Graham, for complainant.

Henderson, Hurd, Lenehan & Kiesel, and Longueville & McCarthy, for defendants.

SHIRAS, District Judge. It is charged in the bill filed in this case that the complainant, on or about the 20th day of June, 1891, deposited with one D. M. Hillis, of Chicago, Ill., certain shares of the capital stock of the Dubuque Specialty Machine Works, as security for the sum of $10,000, advanced and loaned to complainant through Hillis as trustee; that the machine works company had been organized as a corporation, under the laws of the state of Iowa, for developing certain patents covering inventions connected with mortising machines; that in May, 1895, the complainant had made a preliminary contract for the sale of the plant and patents of the corporation for the sum of $100,000; that, having full knowledge of such contract, the defendants, who were officers and stockholders in said corporation, entered into a combination for the purpose of getting possession and control of 240 shares of the capital stock of said corporation remaining in the hands of said D. M. Hillis, trustee, and to that end it is charged that certain representations were made to said Hillis, whereby he was induced to sell and transfer to defendants the said capital stock for the sum of $6,000, the said representations being false and fraudulent, and the said stock being worth far more than the sum paid therefor. The bill prays that the defendants be required to assign the stock in question to complainant, and also prays for an accounting of the dividends and profits received thereon by defendants, it being averred in the bill that they have been paid thereon a dividend amounting to $12,000. To this bill demurrers have been filed by the defendants on several grounds, the principal one presenting the question whether D. M. Hillis, to whom the alleged false representations were made, and by whom the stock was transferred to the defendants, is not

an indispensable party to the suit, without whose presence the court will not undertake to dispose of the issues in the case. In support of the demurrers, reliance is had upon the general rule that all persons whose interests may be affected should be made parties in order that the one proceeding may end the litigation, and the defendants not be subjected to more than one suit, based upon the same cause of action. According to the averments in the bill, Hillis no longer has any interest in the shares of stock. It may be, if the facts charged in the bill are true, and if the debt for which the stock was pledged has not been wholly paid, that Hillis would have the right to rescind the contract of sale, and to reclaim the shares of stock for the purpose of holding the same as security for the debt for which they were originally pledged; but he is not under obligation to ask a rescission of the sale; he may prefer to keep the money paid him, rather than to run the risk of realizing from the shares in question. The transfer of the stock was obtained from Hillis in May, 1895, more than 18 months ago, and it does not appear that Hillis has indicated a purpose other than to abide by the sale and contract made by him. Furthermore, if in fact Hillis, as trustee, is in position to claim a lien on the stock in question by virtue of the pledge originally made to him, his right will not be affected by any decree that may be rendered in this case. If the bill is dismissed upon the merits, the situation between Hillis and the defendants will remain just as it now is. If the decree is in favor of complainant, the rights of Hillis will not be injuriously affected, but, rather, the contrary, and a retransfer of the stock to the complainant on the ground that the defendants had wrongfully obtained the possession thereof would not injuriously affect the rights of Hillis, and therefore it is not made to appear that this court may not hear and adjudicate the issues between complainant and the defendants, because by so doing the right, title, or interest of Hillis as trustee would be injuriously affected.

As the question is presented by demurrer, to justify the sustaining thereof it must appear upon the face of the bill that there is an indispensable party not before the court. The contention of the defendants is that Hillis is an indispensable party, because it appears that he, as trustee, is entitled to a lien on the stock by way of security for the loan originally made to complainant. It does not, however, appear that any portion of this loan remains unpaid, and it may well be that the lien once held by Hillis as trustee has been wholly discharged and released by the payment of the loan for which the stock was pledged. The averments of the bill show that the stock was originally pledged to secure a loan of $10,000, and it is averred that before the transfer of the 240 shares to the defendants 110 shares had been sold, and the proceeds applied upon the loan, but it does not appear what amount was thus applied, nor does it appear that at the present time there is any sum due to Hillis as trustee, or to the parties he represents, and therefore it does not affirmatively appear that Hillis, as trustee, has any right, interest, title, or lien in or upon the shares of stock in question, and therefore it does not appear that the court cannot properly proceed to adjudicate the issues between complainant and

the defendants, simply because Hillis is not a party to the proceeding.

It is further contended in support of the demurrers that the court should not proceed with the case, in the absence of Hillis as a party, for the reason that, if the allegations in the bill are true, he also has a right of action against the defendants, and the defendants ought not to be rendered liable to more than one suit based upon the same transaction, and that, as it appears that Hillis is not within the jurisdiction of the court, he being a resident of Chicago, Ill., the case should be dismissed, because it thus appears that an indispensable party cannot be compelled to appear in this court. Before it can be claimed that Hillis, as trustee, is in any manner interested in this case, it must appear that the debt for which the stock was pledged remains unpaid, in part at least, for, if that debt has been paid, Hillis has no longer any interest in the stock, nor could he maintain an action against the defendants, based upon the facts averred in the bill. As already stated, it does not appear on the face of the bill whether the loan made through Hillis has been fully paid or not, and the court cannot assume that it has not been paid, and therefore it does not appear that Hillis has any such interest in the matter as to require that he should be made a party to the present suit. But, even if it appeared on the face of the bill that the debt due Hillis as trustee had not been fully paid, that fact would not justify a dismissal of the case. The general rule that a court of equity will require all parties in interest to be brought in, to the end that the one suit may end litigation, is one of convenience, and is not to be enforced when it would work injury to the rights of the parties before the court. It is admitted that Hillis is not within the state of Iowa, and therefore he is not within the territorial jurisdiction of this court, nor of the courts of the state of Iowa. If this suit had been brought in a state court the same objection could have been made to the right to proceed that is now relied upon. The state court has no more power to compel Hillis to make himself a party to the suit than is possessed by this court, and therefore this court is not justified in refusing to entertain jurisdiction on the ground that the complainant, by resorting to the courts of the state, can compel Hillis to become a party, and thereby protect the defendants from the possibility of being subjected to a second suit on behalf of Hillis. The position taken by the defendants amounts practically to this: That the wrongs complained of and recited in the bill create a right of action in favor of complainant, and also in favor of Hillis, trustee; and that, if Hillis chooses to submit to the wrong done him, and does not, therefore, voluntarily come to Iowa, and make himself a party with complainant, the latter cannot maintain an action to right the wrong done him.

A court of equity, so far as possible, will avoid circuity of action, and protect defendants from being vexed with unnecessary suits, and the costs resulting therefrom, but it will not carry these rules to the extent of denying the right to be heard to a party wronged, because other parties, not within the jurisdiction of the court, may possibly have a right of action against the defendants growing out of the same transaction. Under the express provisions of equity rule 47, the court

is justified in proceeding in the case in the absence of Hillis, because a decree may be entered saving his rights. If the complainant obtains a decree for the retransfer of the stock to him, this will not defeat or injuriously affect Hillis' rights in the premises, for he can just as well assert his rights to the stock in the hands of complainant as though the same remained in possession of the defendants.

The objections urged in support of the demurrer based upon the fact that Hillis, trustee, is not made a party in the case are not well taken, nor is there any force in the position that complainant cannot proceed in equity because he has an adequate remedy at law. At law, the complainant would be restricted to asking damages for a wrongful conversion of the stock. What the complainant seeks is a return or retransfer of the stock, and this can only be secured through the aid of a court of equity; and the complainant is not compelled to content himself with a recovery of damages merely, but is entitled to seek a retransfer of the shares of stock in question.

A further point in support of the demurrers is made, based upon the fact that it is averred in the bill that Hillis, trustee, held the stock as collateral security, and it is not averred whether the debt is wholly paid or remains partly due, and therefore it does not appear that complainant has any right to or equity in the shares of stock. According to the averments of the bill, the complainant has always been in fact the owner of the stock, and therefore has always had an interest therein. The mere fact that the stock was pledged to Hillis as a security for a debt did not terminate complainant's interest in or title to the stock, and therefore it is not necessary to aver or prove that the debt due Hillis, trustee, has been paid in full, in order to show that complainant has such an ownership of, or interest in, the stock as will enable him to maintain this suit.

The demurrers to the bill are therefore overruled, with leave to defendants to answer by the January rule day.