RICE et al. v. H. L. DOHERTY & CO. (two cases).

(Circuit Court of Appeals. Fifth Circuit. January 31, 1911.)

Nos. 2,138, 2,139.

SPECIFIC PERFORMANCE (§ 108*)—PROCEEDINGS IN SUIT—PRELIMINARY INJUNCTION.

In a suit in equity to enforce specific performance of a contract for the sale of a majority of the stock in an electric light and power company, preliminary injunctions *held* properly granted for the purpose of preserving the property involved in such condition as to enable the court on final hearing to render effective its decree in case it should be in favor of the complainant.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 353; Dec. Dig. § 108.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] Misprinted "plaintiff" in 168 Fed. 57, 93 C. C. A. 479.

Appeals from Circuit Court of the United States for the Middle District of Alabama.

Suit in equity by H. L. Doherty & Co. against Alex Rice and others. Defendants appeal from orders granting injunctions. Affirmed.

John M. Chilton, Harace Stringfellow, Ray Rushton, Fred S. Ball, and Wm. H. Samford, for appellants.

B. P. Crum, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PARDEE, Circuit Judge. These two appeals are in the same case, which is in equity for the specific performance of a contract for the sale of the majority of the stock of the Citizens' Light & Power Company, and may be disposed of together.

In 2,139 the order appealed from is one maintaining the status quo, and was proper and necessary to preserve the property sold in such condition as to enable the court to pass on the issues involved, and render effective judgment in the premises. None of the assignments of error in relation to this order are well taken.

In 2,138 the order appealed from, while on the same line and for the same purpose, was granted on amended and supplemental bills bringing in new parties and disclosing a state of facts amounting to a concerted scheme to so involve the stock claimed in the suit and the affairs of the Citizens' Light & Power Company and of the subsidiary and dependent Citizens' Light, Power & Heat Company to such an extent as to render nugatory, if not valueless, any decree the complainants might obtain in the line of specific performance of their contract, and therefore said order is properly much more comprehensive in preventive relief.

From the standpoint of the parties defendant, who are all either charged with notice or volunteers, we find no objection sufficient to warrant a reversal or modification of the order, and only two contentions that merit any discussion. The more serious one is that the case made by the bills and affidavits is one where one corporation engaged in furnishing light and heat to the city of Montgomery and the inhabitants thereof is seeking by means of this suit to obtain possession and control of a rival and competing corporation with the intention of controlling and monopolizing the entire business, and that a court of equity on grounds of public policy will not lend its aid to carry out such purpose. See American Biscuit Co. v. Klotz (C. C.) 44 Fed. 720. We have given the contention, which was very ably and exhaustively presented by counsel orally and in briefs, very careful examination and full consideration, with the resulting conclusion that on the showing made in this record it is not well founded. Judge Jones, presiding in the Circuit Court, disposed of this contention in his exhaustive opinion which is well supported by reason and authority, and we substantially concur with his argument and conclusion.

If on full proof the purposes of the parties and the necessary or even probable effect of a decree for the specific performance of the contract sued on shall so appear as to show that a monopoly in public

utilities injurious to the inhabitants of the city of Montgomery will result, and that the same is not authorized nor permitted by the laws or public policy of the state of Alabama, the court will undoubtedly follow reason and established authority in so moulding the decree rendered as to prevent the evil suggested.

Another contention is that by the injunction the hands of the directors of the Citizens' Light, Power & Heat Company are tied in their legitimate corporate management, and that said corporation is thereby hindered and prevented from making immediate necessary improvements to and enlargements of its plant and machinery, and thus improve its business and increase its profits. An inspection of the bills of complainant and the affidavits offered on the hearing shows that the Citizens' Light, Power & Heat Corporation at the time this suit was instituted was a dummy appending to and dependent on the Citizens' Light & Power Company, and, if other stockholders now have an interest in the "Heat" Company, it is an interest acquired lis pendens with actual notice. Notwithstanding this volunteer-acquired interest, we have sought for a permissible modification consistent with complainant's rights, but found none.

The decrees in No. 2,138 and No. 2,139 are affirmed.