## GARDINER et al. v. AUTOMATIC ARMS CO. et al.

(District Court, N. D. New York. September 19, 1921.)

1. **Corporations ⬱617(2)—On dissolution property vests in stockholders.**

   On dissolution the legal title to the property of a corporation passes to the stockholders subject to payment of the debts of the corporation.

2. **Corporations ⬱630(3½)—Dissolved corporation not indispensable party to suit by stockholders.**

   To a suit by stockholders of a corporation dissolved more than 10 years before suit the corporation *held* not an indispensable, though perhaps a proper, party.

3. **Corporations ⬱623—Directors of dissolved corporation held not necessary parties to suit by stockholders to recover property.**

   In a suit in a federal court by stockholders of a dissolved corporation to recover from the transferee property alleged to have been fraudulently transferred by the directors to a new corporation organized by them, and of which they are stockholders and directors, the directors *held* not necessary parties, especially where they are nonresidents of the state of the corporation defendant.

4. **Corporations ⬱623—Stockholders of dissolved corporation may sue to recover property fraudulently transferred by directors.**

   Corporation Law N. J. §§ 53–60, providing that on dissolution of a corporation its directors shall be trustees for winding up its affairs with authority to sue for and recover property in its name, *held* not to preclude a suit by stockholders to recover property of the corporation alleged to have been fraudulently transferred by the directors for their own benefit, and no preliminary demand on the directors is necessary before such a suit may be maintained in a federal court.

⬱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **Patents &⁓285—Where diversity of citizenship exists suit for infringement of patents may be joined with other equitable cause of action.**

Where the necessary diversity of citizenship exists, a suit in equity may be maintained in a federal court for infringement of patents and for other equitable relief.

6. **Courts &⁓318—Party not indispensable may be dismissed from suit by amendment.**

A party complainant, whose presence is not indispensable and would destroy the diversity of citizenship, may be dismissed from the suit by amendment.

In Equity. Suit by F. A. Gardiner and others against the Automatic Arms Company and the Savage Arms Company. On motion to dismiss bill and to strike out certain allegations. Motion to dismiss denied, on conditions, and motion to strike sustained in part.

Gilbert H. Baker, of Penn Yan, N. Y. (Elijah H. Zoline, of New York City, Arthur P. Greeley, of Washington, D. C., Edwin G. Gutherey, and James Hamilton Lewis, of Chicago, Ill., of counsel), for complainants.

Warnick J. Kernan, of Utica, N. Y., and Pendleton, Anderson, Iselin & Riggs, of New York City (Francis K. Pendleton, John H. Iselin, and Lawrason Riggs, Jr., all of New York City, of counsel), for defendant Savage Arms Co.

COOPER, District Judge. This is a motion by one of the defendants, the Savage Arms Corporation, to dismiss the bill of complaint and also to strike out certain allegations. The plaintiffs are stockholders of the McClean Arms & Ordnance Company, which company is not a party to this suit. The plaintiffs bring the suit on behalf of themselves and all other stockholders of the McClean Company who may join in this action as parties complainant and share the expenses. The defendants are the Automatic Arms Company and the Savage Arms Corporation, New York State corporations.

The bill of complaint alleges that one Samuel N. McClean was the inventor of a number of different improvements in firearms; that he applied for and received patents on these inventions, or some of them, and assigned the patents and applications for patents, as the case might be, to the McClean Arms and Ordnance Company, a New Jersey corporation; that on or about May 13, 1910, certain Messrs. Calfee, Bradley, Brown, Cowles, Babcock, and Ward, being all the directors and officers of the company, except one director, who was merely a nominal director, by various means, devices, acts, and proceedings such as, among others, foreclosure of mortgage defaulting on loans and written instruments of assignments, wrongfully and fraudulently, for the purpose of diverting all the property and profits of the company to themselves and their associates, caused or procured all the patents and patent rights belonging to said McClean Arms & Ordnance Company, save two patents, to be transferred to and record title to be vested in the defendant the Automatic Arms Company, a corporation organized by them for the purpose and in which they

were large stockholders; substantially all the stock being held by them and a coconspirator.

It is also averred that the directors purchased at the expense of Mc-Clean Arms Company patents of North and Cochrane, and assigned them to Cowles and Calfee, who in turn assigned them to the Automatic Arms Company, all in fraud of the stockholders; also, that the Automatic Arms Company in 1914 issued and gave to defendant the Savage Arms Company a license to manufacture under the patents transferred to it, or some of them, the said last-named defendant having full knowledge of all the facts alleged, and that a large number of arms were manufactured thereunder by said last-named defendant and others having license or right from the Automatic Arms Company, on royalties or otherwise, and large profits were made by both defendants herein.

In addition to manufacturing the firearms under the patents assigned to it, it is alleged that the defendants manufactured and infringed the two patents, title to which is still in the McClean Arms Company, and intend and threaten to continue such manufacture.

The complaint also avers that the McClean Arms & Ordnance Company was dissolved in January, 1911, by the Governor of New Jersey for nonpayment of franchise taxes, pursuant to statutory requirement.

The prayer for relief is: (1) That the assignment of patents to defendant the Automatic Arms Company be adjudged void, and that said patents are the property of said McClean Arms & Ordnance Company; (2) for ad interim and permanent injunctions, restraining defendants from manufacturing under such patents or infringing them; (3) that the defendants account for and pay over to a receiver to be appointed by the court the gains and profits by way of sales, royalties, dividends on stock or otherwise received by or accrued to them, or either of them, for the manufacture or sale of guns, or parts of guns, embodying inventions covered by letters patent owned by McClean Arms & Ordnance Company on May 13, 1910, or issued on application owned by said company on said date, including those assigned and the two not assigned, and for damages sustained by complainants and other stockholders by reason of the unlawful doings of said defendants.

At the threshold of the proceedings we are met with the objection which is the main ground of this motion, that the McClean Arms & Ordnance Company is not made a party to the litigation, and it is conceded that if it is an indispensable party, an amendment to the pleadings, adding the company, would oust the court of jurisdiction, because the company is a resident of New Jersey.

If the McClean Company were a corporation in the full enjoyment of all its corporate powers and were the owner of the patents alleged to have been infringed, or would be the legal or equitable owner of the patents alleged to have been fraudulently assigned to the defendant Automatic Company, if the assignments were set aside there would be little question but that the McClean Company would be an indispensable party, and that the complaint should be dismissed. The reason for this is that the undissolved corporation is the owner of the legal title of the corporate property, and an action by stockholders con-

cerning the corporate property in which the corporation is not a party would not be res adjudicata as to the corporation, the owner of the legal title. In Davenport v. Dows, 85 U. S. (18 Wall.) 626, 21 L. Ed. 938, the court said on this point:

> "Manifestly the proceedings for this purpose should be so conducted that any decree which shall be made on the merits shall conclude the corporation. This can only be done by making the corporation a party defendant. The relief asked is on behalf of the corporation, not the individual shareholder, and if it be granted the complainant derives only an incidental benefit from it. It would be wrong, in case the shareholder were unsuccessful, to allow the corporation to renew the litigation in another suit, involving precisely the same subject-matter. To avoid such a result, a court of equity will not take cognizance of a bill brought to settle a question in which the corporation is the essential party in interest, unless it is made a party to the litigation."

But the McClean Company was dissolved in 1911 pursuant to the provisions of the New Jersey statute. Upon such dissolution, the dissolved corporation has corporate power only for the purpose of winding up its affairs and the distribution of assets after ascertainment and payment of its debts. This is so by the statutes of New Jersey Corporation Law (2 Comp. St. 1910, pp. 1634–1637), §§ 53–60, and also probably by the doctrines of equity irrespective of statute. Boyd v. Hankinson, 92 Fed. 49, 34 C. C. A. 197; Greenwood v. Union Freight R. Co., 105 U. S. 13, 26 L. Ed. 961; 14A Corpus Juris, § 3807.

[1] Upon dissolution, the legal title of the property of the corporation passes to the stockholders subject to the payment of the debts of the corporation. Pewabic Mining Co. v. Mason, 145 U. S. 349, 12 Sup. Ct. 887, 36 L. Ed. 732; Stearns Coal Co. v. Van Winkle, 221 Fed. 590, 137 C. C. A. 314; Boyd v. Hankinson, 92 Fed. 49, 34 C. C. A. 197; 14A Corpus Juris; Doherty v. Rice (C. C.) 186 Fed. 204, 212, affirmed 184 Fed. 878, 107 C. C. A. 202; Greenwood v. Union Freight. R. R. Co., supra; sections 54 and 84, Corporation Law of New Jersey.

In view of the 10 years since dissolution, the creditors, if any, may be deemed barred by statute of limitations, and have no claim on the property of the corporation. If the dissolved corporation, by reason of its dissolution, is no longer the owner of the legal title to the corporate property, and that title is, after dissolution, in the stockholders, in the absence of creditors, then a judgment in an action by the stockholders for injury to property formerly belonging to the corporation would be res adjudicata, and the reason for holding that the nondissolved corporation is an indispensable party, because holder of the legal title, no longer exists.

Authorities, therefore, holding that an undissolved corporation is an indispensable party to an action involving the corporate property, are not applicable after the dissolution of the corporation.

[2] In actions by the stockholders of a dissolved corporation, the corporation is not an indispensable, though perhaps a proper, party. Boyd v. Hankinson, 92 Fed. 49, 34 C. C. A. 197; Stearns Coal Co. v. Van Winkle, 221 Fed. 590, 137 C. C. A. 314; Southern Pacific Co. v. Bogert, 250 U. S. 485, 39 Sup. Ct. 533, 63 L. Ed. 1099; Ervin v. Oregon Ry. & Nav. Co. (C. C.) 20 Fed. 577, 581; Davenport v. Dows, 85

U. S. (18 Wall.) 626, 21 L. Ed. 938; Morehead v. Southern Pac. Co. (C. C.) 123 Fed. 350; Lawrence v. So. Pac. Co. (C. C.) 180 Fed. 822; Kendig v. Dean, 97 U. S. 423, 425, 24 L. Ed. 1061; Minnesota v. Northern Sec. Co., 184 U. S. 199, 22 Sup. Ct. 308, 46 L. Ed. 499; Hyams v. Old Dominion Co. (D. C.) 204 Fed. 681.

That a dissolved corporation is not a necessary party defendant to a suit involving the property or affairs of the dissolved corporation, and adverse to the corporation, is established as to a New Jersey corporation governed by the same New Jersey statutes, by Gen'l Ry. Signal Co. v. Cade, 122 App. Div. 106, 106 N. Y. Supp. 729, and as to a West Virginia corporation endowed with certain limited corporate powers under a statute very similar to the New Jersey statute in Atlantic Dredging Co. v. Beard et al., 203 N. Y. 584, 96 N. E. 415, affirming 145 App. Div. 342, 130 N. Y. Supp. 4.

In the latter case the action was brought by creditors against the directors who had transferred to themselves the corporate property, without having paid or provided for the corporate debts.

[3] In the case at bar the directors had transferred the corporate property to themselves under the entity of another corporation of which they and a coconspirator were the sole stockholders and directors.

It is but a step from a suit against directors who have transferred the property to themselves as individuals or as partnership, as in the Beard Case, supra, to a suit in which they transferred the property to themselves under their new corporate entity, as here. Having divested themselves of the property as individuals, they are not necessary parties to an action against the transferees.

Where the first transferee, in this case the directorate of the Mc-Clean Company, had parted with the property consisting mostly of the patents, and no longer held it, and no relief was asked against them, or any of them, but only against the second transferee, it was held that the first transferee was not a necessary party. Smith v. Lee et al. (C. C.) 77 Fed. 779. And especially is this so where the first transferees are nonresidents of the state, which is the residence of the second transferee, as in the case at bar. Krouse v. Brevard Tannin Co., 249 Fed. 538, 545, 161 C. C. A. 464.

[4] But the New Jersey statute in section 55 provides:

"The directors, constituted trustees as aforesaid, shall have authority to sue for and recover the aforesaid debts and property, by the name of the corporation. * * *"

This is part of the statutory scheme to wind up the affairs of the corporation. Assuming that this would include an action to set aside transfers made after the dissolution and to prevent infringements of patents after the dissolution, it is not by express terms nor by any cited interpretation made exclusive nor prohibitive of actions by stockholders, especially as here, where the director trustees are the malefactors and have caused the corporate property to be transferred to themselves under another corporate entity, and have caused patents of the dissolved corporation to be used for their own benefit. Weidenfeld

v. Sugar Run R. Co. (C. C.) 48 Fed. 615; Boyd v. Hankinson, 92 Fed. 49, 34 C. C. A. 197; Ervin v. Oregon Ry. & Nav. Co. (C. C.) 20 Fed. 577. See, also, Hawes v. Contra Costa Water Co., 104 U. S. 450, 460, 26 L. Ed. 827; Pendleton v. Russell, 144 U. S. 640, 12 Sup. Ct. 743, 36 L. Ed. 574.

Moreover, the McClean Company must be deemed to have knowledge of its own acts, and may be estopped by elapsed time or barred by statute of limitations from maintaining such action, and so would its trustee directors who also must be deemed to have full knowledge of their own acts.

The stockholders are the legal owners of the corporate property, and as such more directly interested than the director trustees. In the view of the statute and in equity also, the latter act in the interest of others, the beneficiaries of the trust, not in their individual interests. To deny stockholders the right in equity to move for the protection of their property and rights where the statutory trustees are the wrongdoers would be most inequitable, and should be so decided only upon the highest authority. None such has been cited to this court. Equity has jurisdiction to make partition between stockholders, if necessary for the purpose. Boyd v. Hankinson, 92 Fed. 49, 34 C. C. A. 197; Mason v. Pewabic Mining Co., 133 U. S. 50, 10 Sup. Ct. 224, 33 L. Ed. 524.

Even if it were necessary in the first instance to demand action on the part of such trustees as it is on the directorate of a nondissolved corporation before action can be brought by a shareholder no such demand is necessary here where the trustees are the very persons whose interest it is to prevent action and resist judgment. Krouse v. Brevard Tannin Co., 249 Fed. 538, 161 C. C. A. 464; Delaware & Hudson Co. v. A. & S. R. Co., 213 U. S. 435, 29 Sup. Ct. 540, 53 L. Ed. 862.

So on the proposition that the McClean Company is an indispensable party, the decision must be adverse to the moving defendant.

[5] The complainants also assert that this is a patent suit brought for the infringement of the two patents 749,214 and 783,127, record title of which is alleged to have remained in the McClean Arms & Ordnance Company, and that the setting aside of the alleged fraudulent assignments of the other 10 patents and for injunction against infringement thereof and accounting is incidental to the main suit.

There are apparently sufficient allegations in the bill of complaint to satisfy the requirements of a suit brought for the infringement of the two patents, though involved in the more extended statements of the alleged fraudulent transfer of the 10 patents from the McClean Company to the Automatic Company and the licensing of all to the Savage Company. The question of absence of an indispensable party, the McClean Company, to the suit, viewed as a patent suit brought for infringement of the two McClean patents, is raised by the moving defendant as applicable equally. For the same reason given above the McClean Company is not an indispensable party to this as a patent suit as it is a dissolved corporation, and after the lapse of these years title has passed to the stockholders represented by the plaintiffs. Which-

ever is the main action, equity has jurisdiction of the subject-matter of each, viewed as a separate action, and both will be disposed of in the same action, one as incidental to the other, since a court of equity does not do justice by halves, and will prevent, if possible, a multiplicity of suits. Shaffer v. Carter, 252 U. S. 37, 40 Sup. Ct. 221, 64 L. Ed. 445.

[6] The fact that one of the plaintiffs, Ethel M. Baker, is a resident of this state, is of no moment, viewing this as a patent suit; and she may be eliminated as a party plaintiff to prevent destroying that diversity of citizenship necessary to maintain the action as one to set aside fraudulent transfers. The action may proceed as class action without the present of plaintiff Baker or any other particular stockholder whose presence would destroy the necessary diversity of citizenship. Victor Talking Machine Co. v. Am. Graph. Co. (C. C.) 118 Fed. 50.

With reference to the contention that Calfee and Rudd, and the representatives of Cowles, deceased, are indispensable parties to the action: This ground was practically abandoned upon the argument. No relief of any kind with reference to the North and Cochrane patents, the record title of which is held by them, can be given in this action against Calfee and the representatives of Cowles; they not being parties to this suit. If the complaint does not sufficiently aver that they be not within the jurisdiction of this court and cannot be made parties, the same may be cured by amendment. No relief is asked against Rudd, and he is only the medium by which the transfer of the 10 patents was made. He is not an indispensable party, and may be shown by amendment to be incapable of being made a party defendant. Smith v. Lee, supra.

No relief can be given the plaintiffs in this action with reference to the stock of the San Francisco Arms Company, as the persons holding the stock are not parties to this action. The allegations relating to the transferees should be deemed merely evidentiary, as disclosing the alleged fraudulent practices by which wrongdoing directors of the McClean Company deprived that company of its corporate property, including these patents. The allegations as to the San Francisco Arms Company may be stricken out by amendment or disclaimer. Hastings v. Douglas (D. C.) 249 Fed. 378, 384.

The motion to strike out portions of the bill of complaint is denied, except as to the following, as to which it is granted:

Paragraph 1. The words to be stricken out are those referring to full and exclusive right of making, using and mending the improvement commencing with the word "whereby" and ending with the word "produced," and the same words may be stricken out in each and every subsequent paragraph in which the same words occur.

Paragraph 39. There may be stricken out the words set forth in the motion papers relating to officers of the United States army and the making of a contract by them commencing with the word "notwithstanding" and ending with the words "at all."

Paragraph 41. There may be stricken out the words relating to returning of royalties to the United States government, commencing with the words "as clearly" and ending with "said company."

The bill of complaint is dismissed unless the complainant makes the amendments and disclaimer herein referred to within 20 days after service of copy of order granted on this motion.

An order may be entered in conformity herewith.